IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

| | |
|---|---|
| KIMBERLY RULOPH | ) |
| | ) |
|     Plaintiff; | ) |
| | ) |
| v. | ) Case No. 2:20-cv-02053-PKH |
| | ) |
| LAMMICO d/b/a LAMMICO | ) |
| RISK RETENTION GROUP, INC.; | ) |
| MERCY HOSPITAL - FORT SMITH; | ) |
| JODY A. BRADSHAW, M.D.; KRISTEN | ) |
| PECE, M.D.; MERCY CLINIC FORT | ) |
| SMITH COMMUNITIES; | ) |
| ROBERT A. IRWIN, M.D.; and | ) |
| JOHN DOES 1-10 | ) |
| | ) |
|     Defendants. | ) |

**MERCY HOSPITAL FORT SMITH'S MOTION FOR SUMMARY JUDGMENT**

      Pursuant to Fed. R. Civ. P. 56, defendant Mercy Hospital Fort Smith ("Mercy Hospital") moves the Court to enter summary judgment in its favor on the second amended complaint of plaintiff Kimberly Ruloph, and for grounds, states that no material facts are in dispute, and based on the undisputed material facts, Mercy is entitled to judgment as a matter of law. More specifically, Mercy Hospital states:

      1.    Plaintiff has brought an EMTALA and medical malpractice lawsuit against defendants in Sebastian County and Washington County, Arkansas, alleging that an improper delay in transferring Ms. Ruloph from Mercy Hospital to an appropriate higher level of care facility for treatment of an arterial injury to her left leg resulted in her leg requiring amputation above the knee.

1

2. On November 24, 2020, plaintiff filed her second amended complaint. (Doc. #84). Plaintiff dropped the medical malpractice claim against Mercy Hospital, leaving an alleged EMTALA violation as her sole cause of action against it. Count I asserts that Mercy Hospital violated EMTALA by inappropriately transferring Ms. Ruloph to Washington Regional Medical Center ("WRMC"). *Id.* at ¶¶ 31-36. Plaintiff states it was not an appropriate transfer because WRMC did not have qualified personnel available to treat her. *Id.* at ¶34.

3. As the Court has previously noted, plaintiff's EMTALA claim rises and falls on the "actual knowledge" of the transferring entity or physician – "The Court agrees with Defendants' arguments that EMTALA is based on actual knowledge." (Doc. #67, pg. 6). The relevant issue is did Mercy Hospital through its medical staff subjectively believe WRMC had qualified personnel to treat Mrs. Ruloph at the time of transfer? *See* 42 U.S.C.A. § 1395dd. Based on the undisputed evidence, the answer is "yes."

4. The undisputed facts prove that based on the treating physicians' actual knowledge at the time of transfer, Mercy Hospital believed the transfer of Mrs. Ruloph from Mercy Hospital to WRMC was appropriate. Leading up to and at the time of transfer on April 15, 2018, the physicians treating plaintiff at Mercy Hospital, Dr. Kristin Pece (ER physician) and Dr. Jody Bradshaw (orthopedic surgeon),[1] believed that upon transfer to WRMC, Ms. Ruloph would receive the needed surgical care from a vascular surgeon at WRMC.

---

[1] Plaintiff voluntarily dismissed both Dr. Pece and Dr. Bradshaw from this action following their depositions.

5. Around 1:20 p.m., Dr. Bradshaw spoke with Dr. Robert Irwin, the ER physician at WRMC, through Arkansas Trauma Communications Center ("ATCC") about the transfer. Dr. Bradshaw determined that Mercy was not capable of treating Mrs. Ruloph, and she would need to be transferred elsewhere. Dr. Bradshaw believed that Mr. Ruloph's transfer to WRMC was appropriate for at least two reasons. First, Dr. Bradshaw noted that ATCC had identified WRMC as being an appropriate facility for transfer. Second, after Dr. Bradshaw described Ms. Ruloph's history, injury, and need for a vascular surgeon to repair, Dr. Irwin accepted the transfer on behalf of WRMC. Dr. Bradshaw believed that upon transfer to WRMC, Mrs. Ruloph would receive the surgical intervention she needed.

6. Around 1:37 p.m., Dr. Pece entered the order to transfer Mrs. Ruloph from Mercy Hospital to WRMC based on her belief that there was a vascular surgeon at WRMC who was able to treat Kimberly Ruloph.

7. Around 2:44 p.m., Dr. Pece spoke directly with Dr. Irwin about Mrs. Ruloph's condition, the imaging studies that had been taken of her, how those studies would be produced to WRMC, and that they should not delay the transfer until the studies were ready for transmittal. Dr. Irwin agreed, and reaffirmed that WRMC would be able to treat Mrs. Ruloph.

8. Dr. Irwin confirmed in his testimony that after being well apprised of Mrs. Ruloph's situation and knowing that she needed a peripheral vascular surgeon, he accepted transfer of Ms. Ruloph on WRMC's behalf.

9.  The medical records further support Mercy Hospital's belief that the transfer to WRMC was appropriate. Key records include Dr. Pece's ED Provider Note, Dr. Bradshaw's History and Physical, Dr. Pece's transfer order, Mercy's acute care transfer form, Mercy's medically indicated transfer consent, and Dr. Irwin's ED documentation.

10. The undisputed evidence reflects that based on its medical staff's actual knowledge at the time of transfer, Mercy Hospital subjectively believed the transfer of Ms. Ruloph to WRMC was appropriate. Therefore, Plaintiff's EMTALA claim fails.

11. This Court should enter summary judgement in Mercy Hospital's favor in accordance with Fed. R. Civ. P.56.

12. Mercy Hospital attaches the following exhibits in support of its motion for summary judgment:

    A. Deposition Transcript of Dr. Jody Bradshaw (selected portions), pgs. 10-12, 16-21, attached as *Exhibit A*;

    B. Dr. Bradshaw's H&P, KLR-MHFS.000012-15, attached as *Exhibit B*;

    C. Mercy Hospital Nurse's Note, KLR-MHFS.000018, attached as *Exhibit C*;

    D. Transcript of Arkansas Trauma Center Calls produced by Plaintiff, attached as *Exhibit D*;

    E. Audio recording of telephone conversation between Dr. Pece and Dr. Irwin produced by LAMMICO, attached as *Exhibit E*.

2223640-v2

F. Transcript of telephone conversation between Dr. Pece and Dr. Irwin from audio recording referenced above, attached as *Exhibit F*;

G. Deposition Transcript of Dr. Robert Irwin (selected portions), pgs. 18-24, attached as *Exhibit G*;

H. Dr. Kristin Pece's Transfer Order, KLR-MHFS.000049, attached as *Exhibit H*;

I. Acute Care Transfer Note, KLR-MHFS.000055-58, attached as *Exhibit I*;

J. ED Provider Note by Dr. Pece, KLR-MHFS.000018-26, attached as *Exhibit J*;

K. Deposition Transcript of Dr. Kristin Pece (selected portions), pgs. 18-23, 32-34, attached as *Exhibit K*;

L. Medically Indicated Transfer Consent, KLR-MHFS.000080-81, attached as *Exhibit L*; and

M. ED Documentation, WRMC 7-8., attached as *Exhibit M*.

WHEREFORE, separate defendant Mercy Hospital prays that its motion for summary judgment be granted, that the Court dismiss Plaintiff's Second Amended Complaint against it with prejudice, for its costs and all other proper relief.

        Respectfully submitted,

        Mercy Hospital Fort Smith

By:   /s/ Glenn S. Ritter
       Edwin L. Lowther, Jr. (81107)
       Glenn S. Ritter (2011146)
       WRIGHT, LINDSEY & JENNINGS LLP
       200 West Capitol Avenue, Suite 2300
       Little Rock, Arkansas 72201-3699
       Telephone: (501) 371-0808
       E-mail: elowther@wlj.com
       E-mail: gritter@wlj.com
       *Attorneys for Mercy Hospital Fort Smith*